Horton *v.* Buskirk.

or if he had received it, to appropriate it to the payment of his debts or otherwise to his own use. There is nothing then in the act of endorsing the check which amounts, even constructively, to a violation of the injunction, and the motion must be denied with costs.(*a*)

(*a*) See *Browning* v. *Bettis*, (8 *Paige*, 569 ;) *McCoun* v. *Dorsheimer*, (1 *Clarke's Rep.* 144.) In *Hudson* v. *Plets*, (11 *Paige*, 180,) it was held that the recovery of a judgment by a defendant in a creditor's suit after the service of the injunction, for a tort done to his exempt property, and even the collection of the amount of such judgment by him, would not constitute a breach of such injunction; inasmuch as the creditor had no interest whatever in the property of the debtor which was exempted by law from sale upon execution. So in this case, the amount of the salary having been assigned to another person previous to the filing of the creditor's bill, the creditor had no interest in it and could not reach it by his bill. He therefore was not injured by the act of endorsing the check.

SAME TERM.    *Before the same Justice.*

HORTON and wife *vs.* BUSKIRK and others.

Where, upon an order of reference to a master, in a partition suit, to ascertain and report the liens upon the undivided shares of the several parties, the assignee of a judgment which is a lien upon the share of one of the parties produces before the master the record of his judgment, and the assignment thereof to himself; and the master, in consequence of a mistake in drawing the assignment, by which a cancelled judgment was described, instead of the true one, reports against the validity of the lien; and such mistake in the assignment is not discovered until after the time for proving liens has expired, the court will allow the creditor to come in and prove the true judgment, upon terms.

THIS was a suit in partition. On the 14th of April, 1847, the usual order of reference was made, to ascertain and report the specific and general liens upon the undivided shares of the several parties. The time for creditors to come in and prove their liens before the master expired on the first of June. The defendant Buskirk now presented his petition, stating that on the

Horton *v.* Buskirk.

25th of May last, he purchased of one Meigs a judgment for $10,000 debt and $18,28 costs, docketed October 21, 1839, against George B. Penfield, one of the defendants, and which was a lien upon his share of the premises; that the attorney who drew the assignment of the judgment, by mistake described another judgment in favor of the same plaintiff against Penfield, for $2527,50; that a certified copy of the record of the latter judgment was produced before the master together with the assignment; that in August, and after the time for proving liens had expired, he discovered the mistake in the description of the judgment, in his assignment, and that the judgment actually assigned had been "*virtually cancelled,*" and thereupon he immediately procured from Meigs an assignment of the other judgment. He now asked that he might be permitted to come in and prove the other judgment. In opposition to the motion it was shown, that upon the reference the validity of the judgment which had been assigned to Buskirk and which he attempted to establish before the master, was contested by other judgment creditors of Penfield, and that the master reported against its validity; and also that the solicitor for Buskirk knew of the existence of the $10,000 judgment at the time. A similar motion was made at a special term in October, and denied with costs, but with liberty to renew the same.

*P. J. Joachimssen,* for Buskirk.

*T. Nelson,* for the opposing creditors.

HARRIS, J. The circumstances of this case certainly seem to justify the suspicion that Buskirk, so long as he supposed the judgment which had been actually assigned to him to be a valid judgment, was willing to rely upon it; and that this application was an expedient, resorted to after he ascertained that the master had reported against the validity of the judgment which had been presented to him as a lien upon the share of Penfield in the premises to be sold. But as Buskirk swears positively to the mistake, and as his affidavit is cor-

roborated by the affidavits of Meigs, the plaintiff in the judgment, and of the attorney who drew the assignment, I do not feel at liberty to deny the application. Before, however, the petitioner can be permitted to prove his judgment, he must pay to the solicitor for the opposing creditors the costs of resisting the claim presented by him before the master upon the assignment of the other judgments, to be taxed, and the costs of opposing the motion made in October last, and also the costs of opposing this motion. If within ten days after service of a taxed bill of said costs the petitioner shall pay the same, then it may be referred to the master who executed the former reference, to take proof of the judgment described in the petition, and which is claimed to be a lien upon the share of Penfield in the premises sold. And for that purpose he may be allowed thirty days after the time for paying the costs shall expire. The costs of such reference must also be paid by the petitioner. If he shall fail to pay the costs within the time limited, this motion to be denied with costs.

---

Same Term.  *Before the same Justice.*